# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| AIMEE LYNN O'NEIL, | Case No. 2:21-cv-00039-GMN-VCF |
| Plaintiff, | |
| vs. | **Order** |
| STATE OF NEW YORK, | -and- |
| Defendant. | **Report and Recommendation for Dismissal** |
| | MOTION/APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 1); COMPLAINT (ECF No. 1-1) |

Before the Court is pro se plaintiff Aimee Lynn O'Neil's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1). O'Neil's in forma pauperis application is granted and the Court recommends dismissing her case with prejudice, as amendment would be futile.

**I.  Discussion**

O'Neil's filings present two questions: (1) whether O'Neil may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether O'Neil's complaint states a plausible claim for relief.

**a.  Whether O'Neil May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit states that she receives $100 per week in wages. (*Id.*) Plaintiff's application to proceed in forma pauperis is granted.

## II. Whether O'Neil's Complaint States a Plausible Claim

### a. Legal Standard

Section 1915 also requires that if the Court grants an application to proceed in forma pauperis, the Court must review plaintiffs' complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Federal Rule of Civil Procedure 8(a)(1) also requires that, "[a] pleading that states a claim for relief must contain…a short and plain statement of the grounds for the court's jurisdiction." Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)). The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1. "A document filed pro se is 'to be liberally construed'" and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. William*s, 490 U.S. 319, 327-28 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014), citing *Ashcroft*, 556 U.S. at 678. Unless it is clear the deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. O'Neil's Complaint

Plaintiff alleges that the State of New York, conspiring with an affiliated "actor" Gloria Mazzoli, "has [her] cell phone tapped and is intercepting text Messages in order to harass, intimidate, exploit [her] communications[.]" (ECF No. 1-1 at 1-2). Plaintiff alleges that defendants are, "releasing confidential conversations to third parties as a means of harassment an discrimination[.]" (*Id.*)

Even liberally construing plaintiff's complaint, the Court finds her factual allegations describe fantastic and delusional scenarios that fail to state a claim upon which relief can be granted. The Court also notes that in a factually analogous case against the State of New York and other defendants[1] there is a pending report and recommendation to dismiss plaintiff's case as frivolous and delusional and deem

---

[1] Plaintiff has filed over twenty cases in this Court in fourteen months: many of them were against the State of New York and the Court dismissed them with prejudice as frivolous or delusional. *See O'Neil v. State of New York*, et al., 2:21-cv-00036-KJD-NJK at ECF No. 11 at 6. Although plaintiff only recently started filing cases in this Court, she has already been deemed a vexatious litigant in other courts. *Id.*

plaintiff vexatious. There are also at least two other reports and recommendations in factually analogous cases[2] pending before the Court recommending dismissal because plaintiff's case is frivolous and delusional.

Like those cases, the plaintiff's instant case, that the State of New York is engaged in a "daily scheme"/conspiracy with "state actors" to stalk and harass plaintiff, bears the hallmarks of delusion. See *Denton,* 504 U.S. at 33 (dismissal appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," and/or "delusional."). Because plaintiff's complaint is premised on a delusional factual scenario and amendment would be futile, the Court recommends that this complaint be dismissed with prejudice.

ACCORDINGLY,

IT IS ORDERED that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS RECOMMENDED that plaintiff Aimee Lynn O'Neil's complaint (ECF No. 1-1) be DISMISSED with prejudice, as amendment would be futile.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues

---

[2] See *O'Neil v. New York State et al.*, 2:21-cv-00037-RFB-EJY (ECF No. 4) and 2:21-cv-00038-JAD-VCF (issued simultaneously with this report and recommendation).

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO RECOMMENDED.

DATED this 14th day of April 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE